IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>    Plaintiff,<br>    v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY, f/k/a NIC INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>    Defendants.<br>_____/ | No. C 12-01488 RS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

## I. INTRODUCTION

In this insurance action, plaintiff North American Capacity Insurance Company (NACIC) advances a single claim to recover a judgment from another insurer, Navigator Special Insurance Company, as a judgment creditor pursuant to California Insurance Code § 11580. Plaintiff's claim derives from a default judgment entered against Navigator's insured, Earth Energy Systems, Inc., after the latter failed to respond to a cross-complaint filed by NACIC's insureds, general contractor Jazz Builders, Inc., its principals, and a developer. Judgment was entered against Earth Energy by the Marin County Superior Court in *Linda Gomez, et al., v. French Ranch, LLC, et al.*, No. CV-075851 on July 26, 2010, purportedly in favor of the *Gomez* cross-complainant, Jazz Builder, as well as NACIC, a non-party to the litigation. Navigator moves for judgment on the pleadings on the premise the *Gomez* default judgment does not satisfy minimum due process requirements because: (1) NACIC was not party to the *Gomez* judgment, (2) neither the complaint nor the request for entry

1

of default disclosed the amount of damages sought with "sufficient particularity," and (3) neither Earth Energy nor Navigator were properly served with the request for entry of default or the request for entry of default judgment. Plaintiff opposes the motion. In consideration of the briefs, the arguments raised at the hearing, and for all the reasons set forth below, the motion must be granted.

## II. LEGAL STANDARD

Defendant moves for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (quotation marks omitted) (quoting *Dunlap v. Credit Protection Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005)). As with any motion under Rule 12, matters not in the complaint, or subject to judicial notice, may not be considered by the court unless: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity of the copy" in the record.[1] *Marder v.* Lopez, 450 F.3d 445, 448 (2006). In this diversity action, questions of law must be decided according to state substantive law. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).

## III. DISCUSSION

The Court may set aside a void judgment in a subsequent collection action. *Levine v. Smith*, 145 Cal. App. 4th 1131, 1135 (2006). California Code of Civil Procedure § 473(d) specifically allows, "[t]he court may, upon motion of the injured party … set aside any void judgment or order." *See also Levine*, 145 Cal. App. 4th at 1135 ("independent of section 473 of the Code of Civil Procedure, the right exists to have a void judgment vacated and set aside upon motion of the

---

[1] The parties have both filed requests for judicial notice. Judicial notice is hereby taken of: (1) the complaint filed in the underlying *Gomez* action, (2) the request for entry of default, the request for entry of default judgment, as well as supporting papers, and (3) the order granting default judgment. The foregoing materials are amenable to judicial notice as matters of public record, the accuracy of which is not disputed. *See* Fed. R. Evid. 201. None of the other documents identified by the parties require consideration to adjudicate the instant motion, and therefore notice of those materials is denied. Although Navigator lodged evidentiary objections to some of NACIC's exhibits, because they are not admitted, the objections may be disregarded.

aggrieved party"). Here, defendant maintains the *Gomez* judgment is defective under several California statutes, and violates due process principles.

### A. Status of NACIC

As a threshold matter, Navigator maintains the judgment must be set aside because NACIC was not a proper party to the *Gomez* action. *See Moore v. Kaufman*, 189 Cal. App. 4th 604, 615 (2010). As a general matter, "'[a] judgment in favor of a person who is not a party to the action is obviously beyond the authority of the court' and hence is void." *Id* (citing 2 Witkin, Cal. Proc. (5th ed. 2008) Jurisdiction, § 315, p. 927). Because NACIC does not dispute it was not a party to *Gomez*, the question becomes whether there is reason to disregard the general rule.

NACIC insists it was not required to file a separate action or join the suit under its own name to the extent it sought attorney's fees against Earth Energy under California Civil Code § 2778. That section sets forth general rules of interpretation for indemnity agreements, and affirms the default rule under an indemnification contract that "[a]n indemnity against claims … embraces the costs of defense against such claims." Cal. Civ. Code § 2778(3). It says nothing about the ability of an indemnifying party to recover on a judgment to which it is not a party, however. Apparently relying on the indemnity relationship, NACIC goes on to argue California Code of Civil Procedure § 368.5 authorizes it to proceed in this action, notwithstanding the lack of privity in *Gomez*. That statute provides:

> An action or proceeding does not abate by the transfer of an interest in the action or proceeding or by any other transfer of an interest. The action or proceeding may be continued in the name of the original party, or the Court may allow the person to whom the transfer is made to be substituted in the action or proceeding.

Cal. Code Civ. P. § 368.5. What is envisioned by that section, however, has not occurred here. NACIC neither substituted into *Gomez* nor proceeded under the name of its insured – instead, it obtained a judgment in its *own* name, *without* joining. Consequently, § 368.5 does not, on its face, justify the result NACIC seeks. Navigator additionally points out that § 368.5 seems to provide "an exception when a party transfers its interest in a pending action to another" – that is, during the life of the case. *Casey v. Overhead Door Corp.*, 74 Cal. App. 4th 112, 121 (1999) (overruled on other grounds). That inference follows from the language of the statute, suggesting that in the event of a

3

transfer during the litigation, such proceedings do not "abate," but "may be continued," regardless. Navigator therefore maintains the exception is not, by its terms, applicable here, a point well taken.

NACIC invokes *Searles Valley Minerals Operations Inc. v. Ralph M. Parsons Services Co.*, 191 Cal. App. 4th 1394, 1397-98 (2011), to suggest otherwise.  In *Searles*, an underlying wrongful death action, resulting from a workplace accident, was brought against Parsons, a contractor, and Kerr-McKee, the property owner prior to the time of the accident.  Kerr-McKee tendered its defense to Parsons under an express contractual indemnity agreement in the construction contract, and to Searles, the owner of the property at the time of the accident, per an express indemnity provision in the purchase agreement for the property.  Searles accepted Kerr-McKee's defense tender, but Parsons refused it.  After the suit was concluded, Searles filed a new action against Parsons, seeking to recover defense costs it incurred defending Kerr-McKee.  It claimed it was the assignee of Kerr-McGee's express contractual indemnity rights against Parsons.  The Court of Appeals concluded: "While there appears to be no case law directly on point, we conclude that an assignee of contract indemnification rights stands in the shoes of the indemnitee.  Therefore, if the indemnitor refuses to pay an indemnitee's defense costs, the indemnitee, and in turn the assignee, can pay the costs and seek reimbursement from the indemnitor." *Id.* at 1396.  Again, while that holding suggests NACIC may have a viable claim against Navigators, *Searles* does not stand for the further proposition that it may recover on the basis of a default judgment entered in a case to which it was not a party.  There was no default in *Searles*, and to the extent the Court relied on California Code of Civil Procedure § 368.5, it did so for the more limited proposition that, "[o]nce a claim has been assigned, the assignee is the owner and has the right to sue on it." *Id.* at 1403.

Here, Jazz Builders did not transfer its interest under the *Gomez* judgment to NACIC, and it is precisely because the Superior Court purported to issue judgment in favor of NACIC, without a corresponding intervention, transfer, or subrogation, that defendant objects.  While NACIC appears to argue that, by virtue of its indemnity rights, it is entitled to stand in Jazz Builders' shoes, it identifies no authority for its apparent position that the indemnity relation justifies dispensing with the ordinary strictures applied to default judgments.  Here, there is insufficient reason to displace the general rule that "'[a] judgment in favor of a person who is not a party to the action is obviously

4

beyond the authority of the court' and hence is void." *Moore*, 189 Cal. App. 4th at 615. The judgment in *Gomez*, to the extent it is entered in favor of NACIC and against Earth Energy is void, and hence unenforceable in this action. Consequently, there is no need to address Navigator's alternative arguments in favor of judgment.

## IV. CONCLUSION

For the reasons explained above, defendant's motion for judgment on the pleadings is granted.

IT IS SO ORDERED.

Dated:  10/4/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE